# In the United States Court of Federal Claims

No. 20-1388C
(Filed: April 3, 2024)
**NOT FOR PUBLICATION**

```
*************************************
YISHAI QOYE,                         *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
*************************************
```

## OPINION AND ORDER

Plaintiff Yishai Qoye, proceeding *pro se*, challenges decisions by the Board for Correction of Naval Records ("BCNR") that denied his requests for disability retirement, military records correction, and the return of a reenlistment bonus that the Navy recouped from him. *See* Am. Compl. (ECF 17); Administrative Record at 5–6 (ECF 55) ("AR"). Plaintiff also seeks damages for pain and suffering and attorneys' fees. Am. Compl. ¶¶ 150–51. The parties have filed cross-motions for judgment on the administrative record.[1]

Substantial evidence supports the BCNR's decision that Plaintiff is not entitled to disability retirement, and Plaintiff's other claims are outside the jurisdiction of this Court. Defendant's motion for judgment on the administrative record is **GRANTED**. Plaintiff's motions are **DENIED**.

## BACKGROUND

Plaintiff enlisted in the Navy in November 2004. AR 5. While serving, Plaintiff began to struggle to stay awake, and started to fall asleep at awkward times and places. AR 8–9, 50–69. In 2010, Plaintiff was prescribed Ambien and underwent a sleep study, which showed that his sleep and breathing were normal. AR 5, 43.

---

[1] Def.'s Mot. to Dismiss & for J. on the Administrative Record (ECF 71); Pl.'s Mot. for J. on the Administrative Record & Resp. (ECF 72) ("Pl.'s MJAR"); Def.'s Response & Reply (ECF 73); Pl.'s Reply (ECF 74). Plaintiff also filed motions to supplement the administrative record (ECF 46; ECF 75). Defendant responded to those motions (ECF 53; ECF 76), and Plaintiff replied (ECF 56).

In January 2011, Plaintiff received a nonjudicial punishment after falsifying watch logs. AR 1. As a result, he lost his Navy Enlisted Classification as a nuclear machinist. *Id.* He was honorably discharged later that year. AR 1–2, 5, 754. Because Plaintiff had failed to maintain his Naval Enlisted Classification for the duration of his service contract, the Navy pursued recoupment of his reenlistment bonus. AR 555–67, 616.

Plaintiff subsequently applied to the Department of Veterans Affairs ("VA") for disability benefits. In 2012, the VA diagnosed Plaintiff with narcolepsy and granted him a 40% disability rating. AR 5.

Plaintiff made his first request for records correction to the BCNR in 2015. AR 5. The BCNR determined that the Navy had failed to properly diagnose Plaintiff's narcolepsy — apparently overlooking the 2010 sleep study — and that his condition may have rendered him unfit for continued service at the time of his discharge. AR 5–6. The BCNR indicated Plaintiff should have been referred to a Physical Evaluation Board ("PEB") "prior to his discharge," and accordingly forwarded Plaintiff's record to the PEB for consideration. AR 508–09.

Plaintiff's case was heard by an Informal Physical Evaluation Board ("IPEB"), which denied his request and found that Plaintiff was fit for continued service at the time of his discharge. AR 93–94. The IPEB seems to have mistakenly relied on another service member's medical records. *See* AR 87–88, 94; *see also* AR 431–32. But after the error was identified, the IPEB reviewed the correct records and restated its original conclusion. AR 85.

In 2018, Plaintiff requested that the BCNR reconsider its decision. AR 19. The BCNR sought recommendations from the Council of Review Boards, which advised that Plaintiff was not entitled to relief. AR 742. The BCNR denied Plaintiff's request. AR 1–4.

Plaintiff filed his original complaint in this Court in 2020. *See* Compl. (ECF 1). This Court remanded to the BCNR in January 2022. *See* Order Granting Remand and Staying Proceedings (ECF 31); AR 845. On remand, the BCNR affirmed its earlier decisions and denied Plaintiff relief, finding that "the preponderance of the evidence simply does not establish that [he was] incapable of performing the duties of [his] office, grade, rank or rating due to narcolepsy or any other condition." AR 748. The BCNR also explained that Plaintiff lost his Naval Enlisted Classification because of his nonjudicial punishment, which was not for "the types of offenses which are mitigated or explained by a sleeping disorder like narcolepsy." AR 748.

## DISCUSSION

### I. Disability Retirement

Plaintiff raises substantive and procedural arguments in support of his claim for disability retirement. I address them in turn.

#### A. Jurisdiction

Plaintiff's principal claim seeks medical disability retirement. Pl.'s MJAR at 2. That claim is within this Court's subject-matter jurisdiction. *Fisher v. United States*, 402 F.3d 1167, 1174–75 (Fed. Cir. 2005) (citing *Sawyer v. United States*, 930 F.2d 1577, 1580 (Fed. Cir. 1991)); *see also* 10 U.S.C. § 1201.

The statute of limitations governing claims in this Court is jurisdictional, which means the Court must address it even if not raised by the parties. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132–34 (2008). All claims before this Court are barred if filed more than six years after the claim first accrues. 28 U.S.C. § 2501. For disability pay claims, the six-year statute of limitations generally runs from "[t]he decision by the first statutorily authorized board that hears or refuses to hear the claim" for disability retirement. *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005). The first statutorily authorized board to deny Plaintiff's disability retirement claim was the BCNR, *see* 10 U.S.C. §§ 1551–1557, which issued its decision in 2016. AR 5. Plaintiff filed this lawsuit in 2020, AR 807, four years after his claim accrued, so his claim is timely. 28 U.S.C. § 2501.

#### B. Legal Standard

When resolving motions for judgment on the administrative record under RCFC 52.1(c), this Court proceeds "as if it were conducting a trial on the record." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1353–54 (Fed. Cir. 2005) (addressing former RCFC 56.1). This Court reviews decisions of military records correction boards under the standards of the Administrative Procedure Act. *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009); *see* 5 U.S.C. § 706; *see also Keltner v. United States*, 165 Fed. Cl. 484, 501–02 (2023). That requires evaluating whether the BCNR's decision that Plaintiff was fit for continued service at the time of his discharge was "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006) (quoting *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998)); Manual of the Medical Department, Article 18-11(4); *see also* Am. Compl. ¶ 140.

That standard of review is especially demanding when it comes to fitness for military service, which is not a "judicial province." *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983). This Court "may appropriately decide whether the

military followed [its] procedures[.]" *Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993). While it may not "reweigh[] the evidence" before the BCNR, *see Heisig*, 719 F.2d at 1157, the Court may consider whether the Board considered "the relevant factors," *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285 (1974) (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 401, 416 (1971)), and whether its decision was "supported by substantial evidence," *Heisig*, 719 F.2d at 1157.

To be supported by "substantial evidence," the Board's decision must be based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the BCNR complied with the necessary procedures and reached a decision rationally supported by substantial evidence, it must be upheld. *Stine v. United States*, 92 Fed. Cl. 776, 791 (2010), *aff'd*, 417 F. App'x 979 (Fed. Cir. 2011). To refute the BCNR's decision, Plaintiff's evidence must be "cogent and clearly convincing." *Strahler v. United States*, 158 Fed. Cl. 584, 593 (2022) (quoting *Stuart v. United States*, 123 Fed. Cl. 413, 421 (2015)).

### C. Substance

Military medical retirement is governed by 10 U.S.C. § 1201, which requires that (1) a disability be "incurred while entitled to basic pay," (2) render a service member "unfit to perform the duties of [his] office, grade, rank, or rating" and (3) be "of a permanent nature and stable." 10 U.S.C. § 1201(a), (b)(1). If Plaintiff satisfies those requirements, he is entitled to medical retirement. The dispute here centers on requirement (2), and whether the BCNR's conclusion that "the preponderance of the evidence simply does not establish that [Plaintiff] [was] incapable of performing the duties of [his] office" was supported by substantial evidence. AR 748; *see also Strahler*, 158 Fed. Cl. at 593; *Metz*, 466 F.3d at 998. I conclude that within the scope of review, the BCNR's decision was sound.

Substantial evidence supports the BCNR's conclusion that Plaintiff was fit to perform his duties at the time of his discharge. A sleep study conducted in September 2010, a year before Plaintiff's discharge, found "normal sleep and breathing" patterns. AR 43. The BCNR observed that Plaintiff applied for a position as a "civilian Marine Machinery Mechanic" in October 2015, a position with duties similar to his enlisted role, which the BCNR treated as evidence that Plaintiff believed himself still capable of performing his old duties. AR 749. Finally, the BCNR observed that Plaintiff's final three performance evaluations indicated he was "fully capable of performing his duties," and "that [his] command never took action to remove [him] from [his] critical nuclear-related functions." AR 749, *see* AR 621–22. Even after his sleep study,

Plaintiff was not recommended for removal from, or restriction of, his ordinary duties. AR 748.

Plaintiff argues that he was unfit for service at the time of his discharge because of narcolepsy. Am. Compl. ¶¶ 134–35. He has presented evidence supporting his claim, including statements from his military coworkers and his post-discharge diagnosis by the VA. AR 15, 50–69. But although Plaintiff's arguments that he was unfit for duty at the time of discharge are reasonable, so is the BCNR's explanation for its conclusion that Plaintiff was fit for duty. The BCNR reasoned that even if Plaintiff had narcolepsy, "the existence of a narcolepsy or narcolepsy-like condition is not, by itself, sufficient to justify a finding of medical unfitness." AR 748. That is consistent with the applicable fitness standard, which hinges on a service member's ability to perform his duties, not on the existence or nonexistence of particular condition. Department of Defense Instruction 1332.38, E3.P3.2.1. As explained above, the BCNR explained its reasons for considering Plaintiff fit at the time of discharge. Even though the VA assigned Plaintiff a service-connected disability rating based on the narcolepsy diagnosis, that does not bind the BCNR. *See Banerjee v. United States*, 77 Fed. Cl. 522, 528–30, 548 (2007). The BCNR considered Plaintiff's evidence — as it was required to do — but provided a reasonable explanation for discounting it and finding other evidence more convincing. AR 749.

I have, as required, considered all the evidence in the record. *See Dixon v. Dep't of Transp., F.A.A.*, 8 F.3d 798, 804 (Fed. Cir. 1993). Viewed in light of the entire record, substantial evidence supports the BCNR's conclusion that Plaintiff is not entitled to a medical retirement with disability pay.

### D. Procedure

Plaintiff also contends that there were several procedural irregularities associated with the BCNR's denial of his requests for disability retirement. Those alleged irregularities include the Navy's failure to refer Plaintiff for medical evaluation prior to his discharge, the IPEB's use of another service member's medical records to evaluate his claim, and that he was not provided with a PEB liaison officer. Am. Compl. ¶¶ 49–56.

The BCNR itself has acknowledged procedural errors. AR 36–37. The issue, though, is not whether the Navy's treatment of Plaintiff's disability retirement request was procedurally perfect, but whether the BCNR's ultimate determination that he was ineligible for medical retirement should be upheld. This Court applies the rule of harmless error to its review of board decisions. *Wagner v. United States*, 365 F.3d 1358, 1361 (Fed. Cir. 2004); *see* 5 U.S.C. § 706.

The BCNR is empowered to make disability determinations in the first instance, even if additional medical processing at the time of discharge would have been appropriate. *Sawyer*, 930 F.2d at 1581; *see also Ferrell v. United States*, 23 Cl. Ct. 562, 568 (1991). Although the IPEB originally relied on the wrong medical records, it reached the same conclusion when the error was drawn to its attention, as did the BCNR. AR 2–3, 749–50. As the BCNR and PEB repeatedly denied Plaintiff's claim after a full consideration of all the available evidence, any errors were harmless.

## II. Other Claims

Plaintiff also seeks recoupment of his clawed-back reenlistment bonus, various corrections to his military record, damages for pain and suffering, and attorneys' fees. Am. Compl. ¶¶ 146–151. All of these claims fall outside the jurisdiction of this Court.

Plaintiff's request for recoupment of his reenlistment bonus, which was clawed back by the Navy as a result of his Navy Enlistment Classification removal and early discharge, Am. Compl. ¶ 148, is an illegal exaction claim that falls within this Court's Tucker Act jurisdiction. *Favreau v. United States*, 317 F.3d 1346, 1357 (Fed. Cir. 2002). The claim, however, is barred under this Court's six-year statute of limitations. An illegal exaction claim accrues when "all the events had occurred that Plaintiff alleges 'fix the liability of the Government.'" *Adera v. United States*, 155 Fed. Cl. 553, 559 (2021) (quoting *Bowen v. United States*, 292 F.3d 1383, 1385 (Fed. Cir. 2002)), *aff'd*, No. 2022-1074, 2023 WL 3768645 (Fed. Cir. 2023). In *Adera*, the Court held that a similar claim accrued when the agency "had made an adverse discharge determination, … demanded repayment of Plaintiff's loan, and Plaintiff had begun making the loan payments[.]" *Id.*; *see also Jordan v. United States*, 158 Fed. Cl. 440, 453–54 (2022). Plaintiff's claim thus accrued in 2011, when the Navy removed his Naval Enlisted Classification and demanded the repayment of the enlistment bonus, AR 1–5, 555, and Plaintiff began to repay it, AR 554. Plaintiff was entitled to sue then, so his decision to go to the BCNR did not delay accrual of his claim. *Martinez v. United States*, 333 F.3d 1295, 1304 (Fed. Cir. 2003). Because Plaintiff filed suit nine years later, in 2020, the claim is time-barred.

To the extent Plaintiff's recoupment claim is premised on his claim for disability retirement, it fails because the BCNR's denial of disability retirement must be upheld. Plaintiff's claims for recovery of fees and interest connected to the bonus recoupment must be dismissed because the underlying claim fails. Am. Compl. ¶ 148.

Plaintiff also requests correction of his service record. Specifically, he objects to the 2011 removal of his Naval Enlisted Classification and seeks a change in "the characterization of his nuclear [Naval Enlisted Classification] removal … from

misconduct to medically unfit." Pl.'s MJAR at 6; Am. Compl. ¶¶ 111, 147. Claims for correction of military records, however, accrue at the date of discharge. *Martinez*, 333 F.3d at 1303–04. Although Plaintiff cites cases that may apply a different accrual date, *see* Pl.'s MJAR at 8–9 (citing *Blassingame v. Sec'y of the Navy*, 866 F.2d 556 (2d Cir. 1989), and *Swann v. Garrett*, 811 F. Supp 1336 (N.D. Ind. 1992)), I am of course bound by the Federal Circuit's rule, under which Plaintiff's claim for records correction is time-barred. In any event, as explained, the BCNR reasonably concluded that Plaintiff was not medically unfit.

Plaintiff further requests that the "Department of the Navy … pay Mr. Qoye $25,000 in pain and suffering for the finical [sic] hardship and emotional stress" they caused him. Am. Compl. ¶ 150. Claims for pain, suffering, and emotional distress are tort claims. *Ancman v. United States*, 77 Fed. Cl. 368, 373 (2007). Tort claims are outside the jurisdiction of this Court. 28 U.S.C § 1491. Therefore, Plaintiff's claim for pain and suffering damages must also be dismissed.

Plaintiff lastly requests "court cost and attorney fees." Am. Compl. ¶ 151. The Equal Access to Justice Act enables plaintiffs who meet certain conditions to recover attorneys' fees and associated expenses arising from litigation against the United States. *See* 28 U.S.C. § 2412. The first of those conditions is that Plaintiff be a "prevailing party." *Id.* Because Plaintiff has not prevailed on any aspect of his claim, he cannot be awarded costs or attorneys' fees. *Hughett v. United States*, 110 Fed. Cl. 680, 686 (2013) (quoting *Former Employees of Motorola Ceramics Prods. v. United States*, 336 F.3d 1360, 1363–64 (Fed. Cir. 2003)).

### III. <u>Motions to Supplement the Administrative Record</u>

Plaintiff has moved to supplement the administrative record. *See* Pl.'s Mot. to Supplement the Administrative Record (ECF 46); Pl.'s Mot. to Preserve Naval Engine Room Records (ECF 75); Def.'s Resp. to Pl.'s Mot. for Order to Preserve Naval Engine Room Records (EC 76). The "review of a military corrections board is limited to the administrative record." *Walls*, 582 F.3d at 1368. At times, supplementation of the administrative record can be warranted — for example, when "required for meaningful judicial review." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338 (Fed. Cir. 2001). Because Plaintiff's claims must be dismissed based on the statute of limitations and the adequacy of the evidence already relied on by the BCNR, the new material Plaintiff wishes to present is not necessary for meaningful review.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and for Judgment on the Administrative Record is **GRANTED**. Plaintiff's Motion for Judgment on the

Administrative Record is **DENIED**. Plaintiff's motions to supplement the Administrative Record (ECF 46; ECF 75) are **DENIED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge